THE STATE, THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTOR, v. THE CITY OF BAYONNE.

1. The notice of an assessment for benefits in the city of Bayonne will satisfy the requirements of the charter and the general act of April 13th, 1876 (*Rev., p.* 711; *Rev. Sup., p.* 543), if it describes lands by given distances along specified streets and avenues, and substantially shows that such lands are assessed for benefits.

2. A railroad corporation may dedicate to public use a highway across lands owned by it and used for its railroad track.

3. Conveyances by a railroad corporation of lands bounding on a street laid out across its track will effect such a dedication.

4. That such conveyances were made while the railroad was in the hands of a receiver (the corporation joining in the grant under a relaxation of the injunction in the receivership proceedings) will not prevent dedication being inferred.

5. When an ordinance was passed to open a street which had been laid out and marked on the map of the map and grade commissioners of Bayonne across prosecutor's track, and the commissioners appointed to assess the value of the land taken and damages make no award to the railroad corporation and indicate that no award was made because of a dedication of the lands to public use, and the report is confirmed, the whole proceeding amounts to an acceptance by the municipal corporation of the dedication, if any had been made.

On *certiorari*.

The writ of *certiorari* in this case brings up the proceedings of the mayor and council of the city of Bayonne for the opening of East Twenty-second street between the easterly side of Avenue E and the westerly side of Avenue I, and the assessments therefor, and the ordinances authorizing the same, with all maps, reports, resolutions, records and notices connected therewith.

Argued at February Term, 1890, before Justices KNAPP and MAGIE.

For the prosecutor, *E. A. S. Man.*

For the city, *Charles W. Fuller.*

The opinion of the court was delivered by

MAGIE, J.    Two questions are raised by the reasons assigned for reversal by prosecutor.

The first question relates to the sufficiency of the notice of the assessment.    It will be solved by determining what notice was required and comparing the notice given with that required.

By section 58 of the charter of Bayonne, approved March 22d, 1872 (*Pamph. L., p.* 686), as amended by a supplement thereto, approved March 28th, 1873 (*Pamph. L., p.* 465), such a notice is required to contain "a general description of the improvement intended, of the land to be taken and of the land to be assessed therefor, which description may be by reference to any map to which the owner may be allowed access."

By the "Act relating to notices of filing reports of assessments," approved April 13th, 1876 (*Rev., p.* 711; *Rev. Sup., p.* 543), it is enacted that when notices of filing reports of assessments of benefits, and of hearing objections thereto, are required to be given, "such notices shall clearly state the character of the work and improvement for which such assessments have been made and a description of the streets or avenues or particular sections thereof which are included in said assessment."

The last named act was general and was therefore engrafted on the charter of Bayonne so as to form part of the law governing notices of assessments for benefits in that city.

By these provisions such a notice was required to contain a description (1) of the improvement for which assessments were made and its character; (2) of the lands taken therefor, which would be satisfied by reference to a map to which the owner had access; and (3) of the land to be assessed therefor, by the streets, avenues or particular sections thereof included in that assessment.

The notice appearing in this record contains a statement and description of the improvement and its character in entire compliance with the requirements of these laws.

It also shows that the lands taken for the opening of the street are designated on a map accompanying the commissioners' report and filed in the office of the city clerk. This office must be presumed to be a public office, and a map filed therein may therefore be considered to be accessible to the owners interested. In this respect the notice complied with the requirements of the laws applicable thereto.

Lastly, certain streets, avenues and sections thereof, specified by measurements along their sides from given points, are, by the notice, declared to be included in the said report. The notice would have been more explicit if it had used the language of the act of 1876, and had declared that the described streets, avenues and sections were included in the assessment for benefits. But I deem the language used to be a substantial equivalent for such a statement. The description was

obviously not that of lands taken, but of lands otherwise included in the report, and no lands could be so included except those assessed for benefits. The description by the distance on the specified streets and avenues seems to entirely comply with the provisions of the act.

The objection to the notice cannot therefore avail prosecutor.

The other question presented by prosecutor's reasons arises upon the following facts:

Prosecutor acquired by deeds of conveyance lands within the lines of East Twenty-second street (formerly Twenty-seventh street) as opened by the ordinance in question. Part of prosecutor's lands lies within the right of way of one hundred feet in width occupied and used by the railroad of prosecutor. Another part of said lands lies within the grounds connected with prosecutor's station at Centreville.

The ordinance enacted that the street should be opened over these lands and other lands, and that its cost should be assessed and paid as directed by the charter.

The commissioners to whom the matter was referred made no award to prosecutor, either for lands taken or damages done by the opening. Their report declares that the lands taken by the opening are colored light brown on the accompanying map and thereon designated with the names of the owners and an appropriate award to each. Prosecutor's lands are not colored light brown, but yellow, and are not included in the designation of lands for which an award is made. No explanation of the omission appears in the report. A memorandum on the map indicates that lands colored yellow are "part of street dedicated."

On the part of the city, proof was made that the street in question had been laid down and designated on a map made by the map and grade commissioners of said city and filed in the office of the clerk. Two conveyances of lands executed by prosecutor were put in evidence, each of which recognized said map, and one of which conveyed lands described therein as abutting upon Twenty-seventh street, which is the same street now called East Twenty-second street. These conveyances.

were made by the receiver of the company under the direction of the Chancellor, and were joined in by prosecutor, under a relaxation of an injunction previously issued against it, to aid in the purposes of the receivership.

Prosecutor's contention is, that the proceedings before us are defective, because no award was made to it for the value of its lands included in the street, or for damages resulting from opening the street over them. On the part of the city, it is insisted that no award ought to have been made, because the lands in question had been in fact dedicated to public use as a highway.

If prosecutor attacked the proceedings solely as owner of lands lying within the line of the street, it may admit of doubt whether a *certiorari* will afford an appropriate remedy for the matter complained of, viz., the silence of the report respecting such lands and the omission to make an award therefor.

But prosecutor also owns lands fronting on that part of the street which was designated on the map as dedicated, and upon those lands an assessment for benefits for the opening has been imposed. In making that assessment the commissioners must have adjudged that the street in question had been there dedicated to public use, or otherwise no benefit could be deemed to arise by its extension.

Therefore this contention of prosecutor must be considered and passed upon.

The insistment of counsel for prosecutor is, (1) that it has no power to dedicate a way for public use across lands occupied by its railroad, and (2) that the conveyances relied on by the city did not, under the circumstances, effect a dedication of any of its lands to public use as a highway. It is further urged that the ordinance requires these lands to be condemned; that lands condemned are, by the provisions of the charter of Bayonne, taken in fee simple; and that if these proceedings are affirmed, a right will be acquired by the city absolutely inconsistent with the right of prosecutor to maintain and run its railroad, and that without any compensation being awarded.

Let us first consider the effect of the proceedings upon prosecutor's lands.

Municipal authorities may doubtless accept the dedication of lands for use as public highways, and the legislature may prescribe how such an acceptance may be made and evidenced. By section 92 of the charter of Bayonne it is enacted, that whenever any street or avenue, or any part of any street or avenue, has been or shall be dedicated by the property owner to the public as a public highway, to be used as such, the council may, by a simple resolution, and without further or other proceedings, declare such street or avenue, or part thereof, open to the public as such.

Under such authority a mere resolution of council will effect an acceptance of lands so dedicated, and that without notice to the landowner and alleged dedicator. *Central R. R. v. Elizabeth*, 6 *Vroom* 359 ; *S. C.*, 8 *Id.* 432.

But such a provision as that contained in section 92 does not, in my judgment, restrict council, in accepting the dedication of a highway, to that form of action ordinarily called a resolution. When the charter requires action by ordinance, which is more formal, and must be preceded by notice, then action by the more speedy and less formal resolution will be insufficient. *Story* v. *Bayonne*, 6 *Vroom* 335. But when council, authorized to act by simple resolution, adopt the more formal mode of expressing their resolves, which is called an ordinance, and thus accept a dedication, the action would, in my judgment, satisfy the requirements of section 92.

But the ordinance in this case did not, in terms, accept a dedication determined to have been made by the landowner. On the contrary, it is couched in terms such as are usually employed, and were employed in this case, to effect a condemnation of lands to public use.

The charter of Elizabeth contained a provision for acceptance of dedicated highways similar to that contained in section 92 of the Bayonne charter. Yet, upon a proceeding to open a street under an ordinance like that before us, it was held in this court and the Court of Errors, that there need be no

award to an owner who had dedicated his lands within the street. *Clark* v. *Elizabeth*, 8 *Vroom* 120 ; *S. C.*, 11 *Id.* 172. It is true that stress was laid, in that case, on the fact that the right acquired by condemnation under the Elizabeth charter was only an easement of way. Here it is contended that the Bayonne charter vests in the city a fee simple on condemnation. But the distinction is immaterial. For under the latter charter the fee is only to be acquired by condemnation, followed by payment of the value of the land and damages assessed under the requirements of section 61. Where, under such an ordinance, a report of commissioners omits an award for certain lands, because they had been dedicated to public use, and that report is adopted and confirmed by council, the whole proceeding may, under the above mentioned authorities, be considered to be a mere acceptance of the dedication sufficient to meet the requirements of the Bayonne charter.

The city, moreover, will not acquire by such a proceeding anything more than an easement. For its acceptance will be measured in its extent by the dedication. A dedication is an offer of a public easement of way. An acceptance will establish that right, and no other or greater right. It is therefore unnecessary to consider whether, under the peculiar provisions of its charter, this city can condemn a way over the railroad of prosecutor.

Let us next consider the contention of prosecutor, that a railroad company cannot dedicate to public use as a highway lands already devoted to a public use as a railroad.

A right to cross an existing railroad may be taken by condemnation for the use of another railroad, or for the use of the public as a highway. *M. & E. R. R.* v. *Central R. R.*, 2 *Vroom* 205 ; *N. Y. & L. B. R. R.* v. *Drummond*, 16 *Id.* 511 ; *S. C.*, 17 *Id.* 644 ; *In re M. & E. R. R.*, 9 *N. J. L. J.* 75. The right which may thus be wrested from the railroad company, it would seem absurd to contend, could not be granted by it. And if capable of being granted, it surely may arise by dedication inferred from other acts of the company. In *Meredith* v. *Sayre*, 5 *Stew. Eq.* 557, Chancellor

Runyon declared that a deed for lands described as bounding on a specified street, made by one who held title for a railroad company, would be a dedication of lands held by them within the line of the street. In *N. Y. & L. B. R. R.* v. *Drummond, ubi supra,* it was held in this court that by the acceptance by a railroad company of a deed for lands described as lying upon a designated avenue, the public right to have the avenue opened became paramount to the right of the company. Trustees holding lands for public uses, and corporations having public duties, may dedicate to public use for highways, when such use is not inconsistent with the purposes for which the lands were vested in trustees, or incompatible with the duties required. *Rex* v. *Leake,* 5 *Barn. & A.* 469; *Surrey Canal* v. *Hall,* 1 *Man. & G.* 392.

I can perceive no reason why a railroad company cannot grant or dedicate to the public a public way over their railroad tracks. The public use is not inconsistent with the railroad use. Both may and do co-exist at innumerable crossings. I have not been able to discover that the precise question here presented has been dealt with elsewhere, except in Connecticut. There it is held that such corporations have the same right to dedicate their lands to public use as any other proprietors, unless it is contrary to the provisions of their charter, or amounts to a breach of duty to their stockholders. *Green* v. *Canaan,* 29 *Conn.* 157; *Williams* v. *N. Y. & N. H. R. R.,* 39 *Id.* 509.

The contention that the acts of prosecutor, relied on by the city to show dedication, do not justify such an inference, is first put on the ground that the lands which prosecutor conveyed had been acquired and held by it in excess of its lawful powers.

With respect to this contention, it may be first observed that there is nothing in the case to indicate that the lands in question were acquired and held *ultra vires.* The conveyance had the sanction of a court. But next, it does not, in my judgment, lie within the power of prosecutor to thus impeach the effect of its own conveyance.

The contention is further put on the ground that prosecutor joined in the deed of a receiver, and that such an act does not justify an inference of an intent to dedicate a way over other lands then under the control of the receiver. Had the receiver proceeded to dispose of all the property and franchises of the prosecutor, a different question would have arisen. But prosecutor still remains the possessor and operator of its railroad, and the sole question is as to the effect of its own act in making the conveyance before us. For the purpose of executing those conveyances, the case shows that the injunction issued in the receivership proceeding was expressly relaxed. The act was therefore the act of prosecutor, and although the receiver may have received the consideration, it must be assumed that it was applied for the benefit of prosecutor in the payment of its debts, and the eventual discharge of the receiver. I see no reason why prosecutor should not be charged with the inferences to be drawn from these acts, precisely as if a receivership did not then exist.

It must be conceded that, under the current of authority in this state, such conveyances as those here produced, if made by individuals, would require the inference of a dedication to public use as a highway of the lands of the grantor within the lines of this street. *Clark* v. *Elizabeth, ubi supra ; Price* v. *Plainfield,* 11 *Vroom* 608 ; *Trustees* v. *Hoboken,* 4 *Id.* 13.

Since prosecutor has the power to dedicate, and these conveyances were its own acts, the inference that it has thereby dedicated its lands within the lines of the street in question must be drawn. Under such circumstances, no award for damages or the value of the land was necessary or proper. The street was, therefore, such as to permit the imposition of an assessment for benefits for the lands condemned for opening it where no dedication had been made.

As none of the objections avail prosecutor, the proceedings should be affirmed, with costs.